FILED
DECEMBER 5, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID FLORES, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| vs. | ) | Judge |
| | ) | Magistrate Judge |
| CITY OF CHICAGO; | ) | |
| Chicago Police Officers | ) | |
| ROGELIO PINAL, Star 18921; and | ) | Jury Demand |
| RONALD RODRIGUEZ, Star 15347; | ) | |
| | ) | |
| Defendants. | ) | |

**07 C 6845**

**JUDGE KENNELLY**
**MAGISTRATE JUDGE COLE**

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiff is a citizen of the United States, and a resident of Chicago, Illinois.

5. Defendant police officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6. The Defendant-Officers are sued in their individual capacities.

7. The CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

### Facts

8. On or about January 19, 2007, at approximately 9:00 p.m., Plaintiff DAVID FLORES was a passenger in a car being driven at or near 1822 North Springfield Avenue in

Chicago. The car was being driven by Freddie Ramirez.

9. Plaintiff and Freddie were on their way to give the car back to the owner, Noel Ramos.

10. At said time and place, Defendant-Officers PINAL and RODRIGUEZ were on duty and patrolling in an unmarked Chicago police car.

11. Freddie turned into an alley behind Noel's house and parked.

12. Plaintiff got out of the car to get Noel.

13. While Plaintiff was standing in the alley, the Defendant-Officers approached Plaintiff with their guns drawn.

14. The Defendant-Officers ordered Plaintiff to put his hands up.

15. Plaintiff complied and put his hands up.

16. A Defendant-Officer grabbed Plaintiff, handcuffed him and searched him.

17. Plaintiff was seized and not free to leave.

18. Plaintiff had not violated any city, state or federal law. Defendant-Officers did not have any reason to believe that Plaintiff had violated, or was about to violate, any city, state or federal law. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop, detain, or search Plaintiff.

19. During the search of Plaintiff, the Defendant-Officer did not find any weapons, narcotics, or any evidence of any illegal activity.

20. The other Defendant-Officer ordered Freddie out of the car.

21. Freddie got out of the car.

22. The shorter, stockier Defendant-Officer took Plaintiff to the rear of the police car.

23. This Defendant-Officer became upset with Plaintiff and called him a "dope dealer."

24. Plaintiff told the Defendant-Officer that he was not a dope dealer.

25. For that answer, the Defendant-Officer elbowed Plaintiff in the face.

26. The elbow caused Plaintiff extreme pain. Plaintiff started to cry and asked the Defendant-Officer why he hit him.

27. The Defendant-Officer ordered Plaintiff to stop crying, and told Plaintiff that his son does not cry as much as Plaintiff.

28. The Defendant-Officer then hit Plaintiff on the forehead with his flashlight.

29. Plaintiff's forehead began to bleed.
30. The Defendant-Officer put Plaintiff in the back of the police car.
31. The Defendant-Officer asked Plaintiff where the drugs were.
32. Plaintiff told the Defendant-Officer that he did not have any drugs.
33. The Defendant-Officers claimed that Plaintiff dropped a bag of narcotics.
34. Other Chicago police officers arrived on the scene.
35. The Defendant-Officers, along with other police officers, searched the alley area for approximately an hour.
36. The Defendant-Officers claim they found money.
37. The Defendant-Officers asserted that Plaintiff had dropped the money along with the bag of narcotics.
38. After the Defendant-Officers finished searching the area, they transported Plaintiff to the 25th District police station.
39. At the station, Plaintiff was crying and asked for medical attention.
40. The Defendant-Officers ordered Plaintiff to stop crying. They also told Plaintiff that if he went to the hospital, they would charge him with delivery of a controlled substance.
41. Plaintiff continued to ask for medical attention.
42. Eventually, a Chicago police officer wearing a white shirt had Plaintiff taken to Resurrection Hospital.
43. Plaintiff was treated for his injuries, including a cut above his eye.
44. Plaintiff was charged with possession of a controlled substance.
45. The case was nolle prossed on or about March 6, 2007, in Cook County Circuit Court case number 071102862.
46. Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiff's rights.
47. As a direct and proximate result of the acts of the Defendants described above, Plaintiff has suffered and continues to suffer damages including loss of physical liberty, emotional distress, physical pain and suffering, mental anguish and humiliation, and special damages including medical expenses, attorneys' fees, and monies posted for bond.

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

48. Plaintiff realleges paragraphs 1 through 47 as if fully set forth herein.

49. Defendant-Officers did not have a lawful basis to stop or seize Plaintiff.

50. The actions of Defendant-Officers in seizing Plaintiff without any legal justification or probable cause, violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers;

b) Award compensatory and punitive damages, as determined at trial;

c) Award attorneys' fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – False Arrest/Imprisonment)

51. Plaintiff realleges paragraphs 1 through 47 as if fully set forth herein.

52. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, or any other lawful basis to arrest or detain Plaintiff.

53. The actions of Defendant-Officers in arresting Plaintiff without any legal justification or probable cause, violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers;

b) Award compensatory and punitive damages, as determined at trial;

c) Award attorneys' fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT III
### (42 U.S.C. § 1983 – Excessive Force)

54. Plaintiff realleges paragraphs 1 through 47 as if fully set forth herein.

55. The Defendant-Officers violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers;

b) Award compensatory and punitive damages, as determined at trial;

c) Award attorneys' fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT IV
### (State Law Claim for Malicious Prosecution)

56. Plaintiff realleges paragraphs 1 through 47 as if fully set forth herein.

57. Defendant-Officers instituted charges against Plaintiff for possession of a controlled substance.

58. There was not probable cause for such a charge.

59. The charge was nolled prossed.

60. The charges were dismissed and terminated in a manner indicative of Plaintiff's innocence.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers;

b) Award compensatory and punitive damages, as determined at trial;

c) Award costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT V
### (State Law *Respondeat Superior* Claim)

61. The acts of the individual Defendant-Officers described in the supplementary state law claims specified above were willful and wanton, and committed in the scope of employment.

62. Pursuant to *respondeat superior*, Defendant CITY OF CHICAGO, as principal, is liable for its agents' actions.

WHEREFORE, Plaintiff demands judgment against the CITY OF CHICAGO, and such other and additional relief that this Honorable Court deems just and equitable.

## COUNT VI
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

63. Plaintiff realleges all of the above paragraphs and counts as if fully set forth herein.

64. The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

65. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officers.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**Plaintiff demands trial by jury**

Respectfully submitted,

/s/Louis J. Meyer
*Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595