UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID FLORES, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07 C 6845 |
| | ) | |
| vs. | ) | |
| | ) | Judge Kennelly |
| CITY OF CHICAGO; | ) | |
| Chicago Police Officers | ) | Magistrate Judge Cole |
| ROGELIO PINAL, Star 18921; and | ) | |
| RONALD RODRIGUEZ, Star 15347; | ) | |
| | ) | Jury Demand |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT, AFFIRMATIVE DEFENSES AND JURY DEMAND**

Defendants Rogelio Pinal and Ronald Rodriguez by one of their attorneys, Mary McCahill, Assistant Corporation Counsel for the City of Chicago, and Defendant City of Chicago, by its attorney, Mara S. Georges, Corporation Counsel for the City of Chicago, (collectively referred to as "Defendants") on behalf of themselves and no unnamed persons, submit the following answer to plaintiff's complaint, affirmative defenses, and jury demand:

1.      This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER:**      Defendants admit the allegations contained in this paragraph, but deny engaging in any conduct which would give rise to a cause of action under the laws alleged.

2.      Jurisdiction for Plaintiffs federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiffs state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

**ANSWER:**      Defendants admit this Court has jurisdiction, but deny engaging in any conduct which would give rise to a cause of action under the laws alleged.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**ANSWER:** Defendants admit venue is proper, but deny engaging in any conduct which would give rise to a cause of action under the laws alleged.

## Parties

4. Plaintiff is a citizen of the United States, and a resident of Chicago, Illinois.

**ANSWER:** Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph.

5. Defendant police officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

6. The Defendant-Officers are sued in their individual capacities.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

7. The CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

## Facts

8. On or about January 19, 2007, at approximately 9:00 p.m., Plaintiff DAVID FLORES was a passenger in a car being driven at or near 1822 North Springfield Avenue in Chicago. The car was being driven by Freddie Ramirez.

**ANSWER:** Defendant Officers admit the allegations contained in this paragraph.

9. Plaintiff and Freddie were on their way to give the car back to the owner, Noel Ramos.

**ANSWER:** Defendant Officers are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph.

10. At said time and place, Defendant-Officers PINAL and RODRIGUEZ were on duty and patrolling in an unmarked Chicago police car.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

11. Freddie turned into an alley behind Noel's house and parked.

**ANSWER:** Defendants admit that Freddie pulled into the alley off of Springfield and stopped after he was pulled over by the police, but deny that he parked his vehicle. Defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

12. Plaintiff got out of the car to get Noel.

**ANSWER:** Defendants admit that Plaintiff got out of the car at some point in time but deny the remaining allegations contained in this paragraph.

13. While Plaintiff was standing in the alley, the Defendant-Officers approached Plaintiff with their guns drawn.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

14. The Defendant-Officers ordered Plaintiff to put his hands up.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

15. Plaintiff complied and put his hands up.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

16. A Defendant-Officer grabbed Plaintiff, handcuffed him and searched him.

**ANSWER:** Defendants admit the allegations contained in this paragraph but deny the sequence of events.

17.     Plaintiff was seized and not free to leave.

**ANSWER:**     Defendants admit the allegations contained in this paragraph.

18.     Plaintiff had not violated any city, state or federal law. Defendant-Officers did not have any reason to believe that Plaintiff had violated, or was about to violate, any city, state or federal law. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop, detain, or search Plaintiff.

**ANSWER:**     Defendants admit they did not have an arrest warrant and that they did not have consent but deny the remaining allegations contained in this paragraph.

19.     During the search of Plaintiff, the Defendant-Officer did not find any weapons, narcotics, or any evidence of any illegal activity.

**ANSWER:**     Defendants admit the allegations contained in this paragraph.

20.     The other Defendant-Officer ordered Freddie out of the car.

**ANSWER:**     Defendants admit that one of the Defendant Officers ordered Freddie out of the car but are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

21.     Freddie got out of the car.

**ANSWER:**     Defendants admit the allegations contained in this paragraph.

22.     The shorter, stockier Defendant-Officer took Plaintiff to the rear of the police car.

**ANSWER:**     Defendants admit the allegations contained in this paragraph.

23.     This Defendant-Officer became upset with Plaintiff and called him a "dope dealer."

**ANSWER:**     Defendants deny the allegations contained in this paragraph.

24.     Plaintiff told the Defendant-Officer that he was not a dope dealer.

**ANSWER:**     Defendants are without information or knowledge sufficient to form a

belief as to the truth of the remaining allegations contained in this paragraph.

25. For that answer, the Defendant-Officer elbowed Plaintiff in the face.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

26. The elbow caused Plaintiff extreme pain. Plaintiff started to cry and asked the Defendant-Officer why he hit him.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

27. The Defendant-Officer ordered Plaintiff to stop crying, and told Plaintiff that his son does not cry as much as Plaintiff.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

28. The Defendant-Officer then hit Plaintiff on the forehead with his flashlight.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

29. Plaintiff's forehead began to bleed.

**ANSWER:** Defendant Officers admit Plaintiff's forehead began to bleed at some point in time but deny the sequence of events and deny engaging in any wrongful or illegal conduct.

30. The Defendant-Officer put Plaintiff in the back of the police car.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

31. The Defendant-Officer asked Plaintiff where the drugs were.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

32. Plaintiff told the Defendant-Officer that he did not have any drugs.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

33. The Defendant-Officers claimed that Plaintiff dropped a bag of narcotics.

**ANSWER:** Defendants admit Plaintiff dropped a bag of narcotics.

34. Other Chicago police officers arrived on the scene.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

35. The Defendant-Officers, along with other police officers, searched the alley area for approximately an hour.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

36. The Defendant-Officers claim they found money.

**ANSWER:** Defendants admit they found money.

37. The Defendant-Officers asserted that Plaintiff had dropped the money along with the bag of narcotics.

**ANSWER:** Defendants admit that Plaintiff dropped money along with the bag of narcotics.

38. After the Defendant-Officers finished searching the area, they transported Plaintiff to the 25th District police station.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

39. At the station, Plaintiff was crying and asked for medical attention.

**ANSWER:** Defendants admit Plaintiff was crying but are without information or knowledge sufficient to form a belief as to the truth of whether Plaintiff asked for medical attention.

40. The Defendant-Officers ordered Plaintiff to stop crying. They also told Plaintiff that if he went to the hospital, they would charge him with delivery of a controlled substance.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

41. Plaintiff continued to ask for medical attention.

**ANSWER:** Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph.

42. Eventually, a Chicago police officer wearing a white shirt had Plaintiff taken to Resurrection Hospital.

**ANSWER:** Defendants admit that Plaintiff was taken to Resurrection Hospital pursuant to procedure, which was initiated by Defendant Officers. Defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

43. Plaintiff was treated for his injuries, including a cut above his eye.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

44. Plaintiff was charged with possession of a controlled substance.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

45. The case was nolle prossed on or about March 6, 2007, in Cook County Circuit Court case number 071102862.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

46. Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiffs rights.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

47. As a direct and proximate result of the acts of the Defendants described above, Plaintiff has suffered and continues to suffer damages including loss of physical liberty, emotional distress, physical pain and suffering, mental anguish and humiliation, and special damages including medical expenses, attorneys' fees, and monies posted for bond.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

**COUNT I**
**(42 U.S.C. § 1983 - Unreasonable Seizure)**

48. Plaintiff realleges paragraphs 1 through 47 as if fully set forth herein.

**ANSWER:** Defendants restate their answers to paragraphs 1 through 47 as if fully set forth herein.

49. Defendant-Officers did not have a lawful basis to stop or seize Plaintiff.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

50. The actions of Defendant-Officers in seizing Plaintiff without any legal justification or probable cause, violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

WHEREFORE Defendants request judgment in their favor and against Plaintiff, dismissal of the complaint with prejudice and other such relief as this Court deems appropriate.

## COUNT II
### (42 U.S.C. § 1983 - False Arrest/Imprisonment)

51. Plaintiff realleges paragraphs 1 through 47 as if fully set forth herein.

**ANSWER:** Defendants restate their answers to paragraphs 1 through 47 as if fully set forth herein.

52. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, or any other lawful basis to arrest or detain Plaintiff.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

53. The actions of Defendant-Officers in arresting Plaintiff without any legal justification or probable cause, violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

WHEREFORE Defendants request judgment in their favor and against Plaintiff, dismissal of the complaint with prejudice and other such relief as this Court deems appropriate.

## COUNT III
### (42 U.S.C. § 1983 - Excessive Force)

54.    Plaintiff realleges paragraphs 1 through 47 as if fully set forth herein.

**ANSWER:**    Defendants restate their answers to paragraphs 1 through 47 as if fully set forth herein.

55.    The Defendant-Officers violated Plaintiffs Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

**ANSWER:**    Defendants deny the allegations contained in this paragraph.

WHEREFORE Defendants request judgment in their favor and against Plaintiff, dismissal of the complaint with prejudice and other such relief as this Court deems appropriate.

## COUNT IV
### (State Law Claim for Malicious Prosecution)

56.    Plaintiff realleges paragraphs 1 through 47 as if fully set forth herein.

**ANSWER:**    Defendants restate their answers to paragraphs 1 through 47 as if fully set forth herein.

57.    Defendant-Officers instituted charges against Plaintiff for possession of a controlled substance.

**ANSWER:**    Defendants admit that Defendants Officer Pinal signed a criminal complaint against Plaintiff for possession of a controlled substance. Defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

58.    There was not probable cause for such a charge.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

59. The charge was nolled prossed.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

60. The charges were dismissed and terminated in a manner indicative of Plaintiff's innocence.

**ANSWER:** Defendants admit that the charge was dismissed but deny the remaining allegations contained in this paragraph.

WHEREFORE Defendants request judgment in their favor and against Plaintiff, dismissal of the complaint with prejudice and other such relief as this Court deems appropriate.

## COUNT V
### (State Law Respondeat Superior Claim)

61. The acts of the individual Defendant-Officers described in the supplementary state law claims specified above were willful and wanton, and committed in the scope of employment.

**ANSWER:** Defendant Officers admit they were acting in the scope of their employment at all times relevant to the complaint but deny the remaining allegations contained in this paragraph.

62. Pursuant to respondeat superior, Defendant CITY OF CHICAGO, as principal, is liable for its agents' actions.

**ANSWER:** Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph because they are vague and amount to legal conclusions.

WHEREFORE Defendants request judgment in their favor and against Plaintiff, dismissal of the complaint with prejudice and other such relief as this Court deems appropriate.

## COUNT VI
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

63. Plaintiff realleges all of the above paragraphs and counts as if fully set forth herein.

**ANSWER:** Defendants restate their answers to all of the above paragraphs and counts as if fully set forth herein.

64. The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

**ANSWER:** Defendants admit that Defendant Officers were acting in the scope of their employment at all times relevant to the complaint but deny the remaining allegations contained in this paragraph.

65. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officers.

**ANSWER:** Defendants admit that pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is empowered and directed to pay any tort judgment or settlement for compensatory damages and may pay any associated attorney's fees and costs for which it or an employee while acting within the scope of his employment is liable.

WHEREFORE Defendants request judgment in their favor and against Plaintiff, dismissal of the complaint with prejudice and other such relief as this Court deems appropriate.

## AFFIRMATIVE DEFENSES

1. At all times material to the events alleged in Plaintiff's Complaint, reasonable police officers objectively viewing the facts and circumstances that confronted them could have believed their actions to be lawful, in light of clearly established law and the information that they possessed.

Defendant Officers, therefore, are entitled to qualified immunity on Plaintiff's Federal law claims.

2. Defendant Officers are not liable for injuries arising out of the exercise of discretionary acts. See 745 ILCS 10/2-201 (1998).

3. Defendant Officers are not liable for injuries claimed in the state law count because, as public employees, they are not liable for acts or omissions in execution or enforcement of the law, unless their conduct constitutes wilful and wanton conduct. See 745 ILCS 10/2-202 (1998). Defendant Officers were engaged in the execution and enforcement of the law and did not engage in any wilful and wanton conduct.

4. Defendants are not liable for injuries claimed under the state law count because they are not liable for injuries caused by the acts or omission of other persons. See 745 ILCS 10/2-204 (1998).

5. Any award of damages against Defendant Officers shall be reduced in proportion to the comparative fault of the Plaintiff's own intentional or wilful and wanton conduct which proximately caused the claimed injuries and damages.

6. Defendant City is not liable to plaintiff if its employees or agents are not liable to the plaintiff. 745 ILCS 10/2-109.

7. As to Plaintiff's state law claims, the City is not liable to pay attorney's fees as "the law in Illinois clearly is that absent a statute or contractual agreement 'attorney fees and the ordinary expenses and burdens of litigations are not allowable to the successful party.'" See Kerns v. Engelke, 76 Ill.2d. 154, 166 (1979).

8.       Under Illinois law, the defendants are not liable to plaintiff because Defendant Officers' use of force in seizing plaintiff was justified under 720 ILCS 5/7-5 (2002).

9.       To the extent plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by plaintiff must be reduced by application of the principle that plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to plaintiff by the jury in this case.

10.      To the extent any injuries or damages claimed by plaintiff were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on the part of the plaintiff, any verdict or judgment obtained by plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to plaintiff by the jury in this cause.

**JURY DEMAND**

Respectfully submitted,

/s/ Mary McCahill
MARY McCAHILL
Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 742-6404
(312) 744-6566 (Fax)
Atty. No. 06277989

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID FLORES, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07 C 6845 |
| | ) | |
| vs. | ) | |
| | ) | Judge Kennelly |
| CITY OF CHICAGO; | ) | |
| Chicago Police Officers | ) | Magistrate Judge Cole |
| ROGELIO PINAL, Star 18921; and | ) | |
| RONALD RODRIGUEZ, Star 15347; | ) | |
| | ) | Jury Demand |
| Defendants. | ) | |

**NOTICE OF FILING**

To:   Lawrence V. Jackowiak
      Law Officers of Lawrence V. Jackowiak
      20 N. Clark Street, Suite 1700
      Chicago, IL 60602

**PLEASE TAKE NOTICE** that I have this day filed with the Clerk of the United States district Court for the Northern District of Illinois, Eastern Division, an **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES AND JURY DEMAND**.

**DATED** at Chicago, Illinois March 11, 2008

                                        Respectfully submitted,

                                        /s/ Mary McCahill
                                        MARY MCCAHILL, Assistant Corporation Counsel

30 N. LA SALLE ST., SUITE 1400
CHICAGO, ILLINOIS  60602
(312) 742-6404
ATTORNEY NO. 06277989

14

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that I have caused true and correct copies of the above and foregoing **NOTICE OF FILING and DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES AND JURY DEMAND** to be delivered electronically via e-filing on March 11, 2008.

/s/ Mary McCahill
MARY MCCAHILL